UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASANTE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, et al.,<br><br>    Defendants. | Case No. 14-cv-03226-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND; AND GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Docket Nos. 111, 115 |

    Plaintiffs filed this action challenging California's Medi-Cal reimbursement policies for out-of-state hospitals against California's Department of Health Care Services in June 2014. Docket No. 1 ("Complaint"). Plaintiffs sued for: violations of (1) the Commerce Clause; (2) the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution; (3) the Equal Protection Clause of the California Constitution; (4) federal laws governing Medi-Cal DSH payments (42 U.S.C. § 1396a(a)(13)(A)); and (5) federal laws governing Medi-Cal payments to out-of-state hospitals. (42 U.S.C. § 1396a(a)(16) and 42 C.F.R. § 431.52). Plaintiffs sought a declaration that the Department violates these provisions, and an injunction.

    The parties filed competing summary judgment motions, which the Court granted in part. Docket No. 65 ("Summary Judgment Order"). The Court held Plaintiffs had not stated a private cause of action under federal laws governing Medi-Cal Disproportionate Share Hospital payments, *id.* at 21, and California's APR-ARG reimbursement scheme and DSH payment policy violated the dormant Commerce Clause, *id.* at 40. The Court did not reach Plaintiffs' Equal Protection claims. *Id.* at 44.

    California subsequently argued Plaintiffs were not entitled to retroactive monetary

1  damages under the dormant Commerce Clause. Docket No. 66 at 3. The Court ordered
2  supplemental briefing on this issue. Docket No. 68. In their supplemental brief, Plaintiffs stated
3  their federal claims were not based on federal law and that they sought only a writ of mandate
4  under California Code of Civil Procedure Section 1085 ("Section 1085"). Docket No. 70 at 1.
5  Specifically, the first paragraph in Plaintiffs' brief averred that "[t]he Hospitals' State Court
6  Complaint contains no federal causes of action and seeks no remedies under federal law. . . . Instead,
7  it *contains only state law causes of action and seeks only remedies provided for under California law*.
8  In their State Court Complaint the plaintiffs allege that they are entitled to retroactive reimbursement
9  based on the California mandamus statute at Code of Civil Procedure ("C.C.P.") § 1085." *Id.*
10 (emphasis added). The Court held Plaintiffs could not obtain retroactive damages under Section
11 1085 because the dormant Commerce Clause did not establish a "clear, present, and ministerial"
12 duty. Docket No. 82 at 10.

13 California has moved for reconsideration of the Court's summary judgment order, on the
14 grounds that Plaintiffs, having waived all federal claims, could obtain neither retrospective or
15 prospective relief under California's mandamus law, given this Court's construction of CCP §
16 1085. *See* Docket No. 115 ("Reconsideration Motion"). Accordingly, California asked the
17 judgment be entered as to the entire case. Plaintiffs responded by moving for leave to amend their
18 Complaint to expressly re-state their federal causes of action. *See* Docket No. 111 ("Amendment
19 Motion"). They also contended (at the hearing) that their statement in their supplemental brief
20 was not intended as a waiver of their federal claims for prospective relief; their statement
21 disavowing federal claims pertained only to their request for retrospective monetary relief.

## I. MOTION TO AMEND

23 Plaintiffs seek leave to amend their complaint under Federal Rule of Civil Procedure 15(a)
24 ("Rule 15"). *See* Am. Mot. at 2, 3, 4. They argue that since they never intended to waive their
25 claims for prospective relief on federal causes of action, their proposed amendment was essentially
26 a clarification, not a reversal, of their legal position.

27 Courts "should freely give leave [to amend] when justice so requires." Rule 15(a)(2). The
28 Ninth Circuit applies this rule "with extreme liberality." *Owens v. Kaiser Found. Health Plan,*

1  *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). However, where plaintiffs move to amend at this late
2  stage, they "must make a 'substantial showing' to support the amendment." *Anderson v. City &*
3  *Cty. of S.F.*, -- F. Supp. 3d --, 2016 WL 946171, at *33 (N.D. Cal. Mar. 14, 2016).

4  In assessing a motion for leave to amend, the Court considers "the presence of any of four
5  factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens*, 244 F.3d
6  at 712; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts also consider whether the
7  plaintiff has previously amended its complaint. *See In re W. States Wholesale Nat. Gas Antitrust*
8  *Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).

9  Here, Plaintiffs have not previously amended their Complaint, and California does not
10 argue the proposed amendment would be futile. While arguably Plaintiffs unduly delayed in
11 seeking amendment, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD*
12 *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). These must be, *e.g.*, bad faith or
13 prejudice. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

14 California failed to show it would be prejudiced by an amendment, despite being asked to
15 do so multiple times at the hearing. The proposed amendment re-asserts federal constitutional
16 claims that were expressly alleged in the original complaint, and both the parties and the court
17 assumed in the summary judgment proceedings that federal claims were at issue. The only
18 apparent change in Plaintiffs' position came after the Court's ruling on summary judgment in
19 supplemental briefing on the question of retrospective damages. As to prospective relief, the
20 parties have already negotiated and briefed, and the Court has decided, the contours of that
21 prospective relief. California has not demonstrated detrimental reliance on Plaintiffs' statement in
22 their supplemental brief suggesting that Plaintiffs were waiving federal claims. Reasserting those
23 claims[1] will not require any new discovery since the Court has already adjudicated the substantive
24 federal claims, decided prospective relief, and, as noted herein, denies all retrospective monetary
25 relief since CCP § 1085 does not apply and Plaintiffs concede the Eleventh Amendment has such

---

[1] That Plaintiffs have now expressly asserted a claim under Section 1983 does not change the nature of the issues already adjudicated herein.

retrospective relief on the federal claims.[2] *Cf. Kobold v. Good Samaritan Reg'l Med. Ctr.*, -- F.3d --, 2016 WL 4191521, at *8 n.4 (9th Cir. Aug. 9, 2016) (amendment not prejudicial where it "did not cause [the defendant] to seek additional discovery"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) ("granting the request to amend the complaint would likely have required reopening discovery," which would prejudice the defendant). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Finally, California failed to show Plaintiffs acted in bad faith. While perhaps sloppy in addressing their claim for retrospective relief, it appears that Plaintiffs did not intend to mislead California or the Court by suggesting they were waiving all federal claims. Plaintiffs had won prospective relief under federal law, and there was no obvious tactical reason for them to waive that relief. And as noted above, Plaintiffs appeared to be pursuing federal causes of action throughout this litigation. This is thus not a situation where a plaintiff pursued one theory for years, only to switch positions at the last moment.

Bad faith and prejudice are the most important factors in evaluating a motion to amend. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Because California has failed to make a strong showing on either, the Court **GRANTS** Plaintiffs' motion to amend. However, as indicated at oral argument, they may not bring any claims under Section 1085 at all, and Plaintiffs agreed they may only pursue prospective relief on their federal claims.

## II. MOTION FOR RECONSIDERATION

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the

---

[2] The Eleventh Amendment to the United States Constitution bars suits "against one of the United States" except in certain judicially created exceptions. U.S. Const. amend. XI. The Supreme Court has held that state officials may sued to enjoin them from performing unconstitutional actions. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). However, suits may only seek prospective injunctive relief; suits for monetary relief are still barred because they "seek[] to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663, 664-68 (1974); *accord Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir. 2004) (holding a suit against state university officials was barred, because it was "not a request for prospective relief"). Plaintiffs' claims for retroactive damages are thus barred.

4

interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

California seeks reconsideration "[b]ased on new information that was not available when the parties briefed their respective motions for summary judgment:" Plaintiffs' clarification that they sought to proceed "solely under" Section 1085. Recons. Mot. at 5. To bring clarity to the situation, the Court **GRANTS** California's motion in part, and rules that Plaintiffs are not entitled to any relief under Section 1085, retrospective or prospective. However, because the Court grants leave to amend for purposes of clarifying their assertion of federal claims, the Court rules Plaintiffs are entitled to prospective relief but not retrospective monetary relief as to their federal claims.

As noted at the hearing, the parties are ordered to meet and confer and agree upon a final order and judgment.

This order disposes of Docket Numbers 111 and 115.

**IT IS SO ORDERED**.

Dated: September 28, 2016

_____
EDWARD M. CHEN
United States District Judge