```
                                       PAGES 1 - 10

              UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE EDWARD M. CHEN

ASANTE, ET AL.,                  )
                                 )
           PLAINTIFFS,           )
                                 )
  VS.                            ) NO. 14-CV-03226 EMC
                                 )
CALIFORNIA DEPARTMENT OF         )
HEALTH CARE SERVICES; TOBY       )
DOUGLAS, DIRECTOR OF THE         )
CALIFORNIA DEPARTMENT OF         )
HEALTH CARE SERVICES,            )
                                 ) SAN FRANCISCO, CALIFORNIA
           DEFENDANTS.           ) THURSDAY
                                 ) MAY 14, 2015
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  10:59 A.M. – 11:10 A.M.**

**APPEARANCES**:

**FOR PLAINTIFFS**         LAW OFFICES OF MICHAEL S. SORGEN
                           1168 MILLER AVENUE
                           BERKELEY, CALIFORNIA 94708
                       **BY: MICHAEL STEVEN SORGEN, ESQUIRE**


**FOR DEFENDANTS**         KAMALA HARRIS
                           ATTORNEY GENERAL OF CALIFORNIA
                           455 GOLDEN GATE AVENUE, SUITE 11000
                           SAN FRANCISCO, CALIFORNIA 94102
                       **BY: JENNIFER ADDAMS**
                           **JOSHUA SONDHEIMER**
                           **DEPUTY ATTORNEYS GENERAL**

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
                 *RETIRED OFFICIAL COURT REPORTER, USDC*

```
1   THURSDAY, MAY 14, 2015                              10:59 A.M.
2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
5                              ---O0O---
6                              PROCEEDINGS
7         **THE CLERK:**  CALLING CASE C-14-3226, ASANTE VERSUS
8   CALIFORNIA DEPARTMENT OF HEALTH CARE.
9         COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR
10  NAME FOR THE RECORD.
11        **MR. SORGEN:**  GOOD MORNING, YOUR HONOR.  MICHAEL
12  SORGEN HERE FOR THE PLAINTIFFS.
13        **THE COURT:**  ALL RIGHT.  GOOD MORNING, MR. SORGEN.
14  GREAT.  GOOD TO SEE YOU.
15        **MS. ADDAMS:**  JENNIFER ADDAMS FOR THE CALIFORNIA
16  DEPARTMENT OF HEALTH CARE SERVICES.
17        **THE COURT:**  ALL RIGHT.  GOOD MORNING.  GOOD MORNING,
18  MS. ADDAMS.
19        **MR. SONDHEIMER:**  JOSHUA SONDHEIMER, ALSO FOR THE
20  DEPARTMENT OF HEALTH CARE SERVICES.
21        **THE COURT:**  ALL RIGHT.  GOOD MORNING, EVERYONE.
22        I'M DISAPPOINTED TO LEARN THAT THIS CASE HAS NOT
23  RESOLVED.  LET ME JUST ASK -- I DON'T WANT TO KNOW WHAT WAS
24  SAID OR WHAT WAS OFFERED OR ANYTHING LIKE THAT -- WHETHER THERE
25  ARE ANY FURTHER PLANS FOR FUTURE TALKS, OR WHERE DID YOU LEAVE
```

1  IT?
2      **MR. SORGEN:** YOUR HONOR, WE DO HAVE -- WE HAVE NOT
3  ONLY FACTUAL ISSUES THAT ARE STILL IN DISPUTE. WE TRIED PRETTY
4  HARD TO SETTLE. WE MET SEVERAL TIMES OVER A PERIOD OF MONTHS.
5  WE ALSO HAVE SOME LEGAL ISSUES THAT ARE CONTRIBUTING TO THE
6  IMPASSE.
7      SO THE PLAINTIFFS WOULD LIKE TO MAKE A MOTION FOR
8  SUMMARY JUDGMENT, AND WE FEEL THAT AFTERWARDS, AFTER THE COURT
9  RULES ON THE SUMMARY JUDGMENT, THAT WE MIGHT HAVE MORE CLARITY
10 AND A BETTER OPPORTUNITY TO SETTLE, WHATEVER THE COURT'S RULING
11 IS.
12     SO WE HAVE DISCUSSED WITH THE MAGISTRATE JUDGE
13 WESTMORE, AND SHE'S -- SHE ACTUALLY PUT IN A LOT OF TIME
14 PREPARING FOR THE SETTLEMENT CONFERENCE. SHE'S VERY INTERESTED
15 IN THIS CASE, AND SHE'D BE PLEASED TO MEET WITH US AGAIN AFTER
16 WE CLARIFY.
17     **THE COURT:** ALL RIGHT.
18     **MR. SORGEN:** (INDISCERNIBLE.)
19     **THE COURT:** ALL RIGHT. WOULD THIS BE A MOTION FOR
20 PARTIAL SUMMARY ADJUDICATION?
21     **MR. SORGEN:** MOTION FOR SUMMARY ADJUDICATION OR --
22     **THE COURT:** ON CERTAIN ISSUES?
23     **MR. SORGEN:** -- OR SUMMARY ADJUDICATION.
24     **MS. ADDAMS:** YOUR HONOR, THIS IS JENNIFER ADDAMS. I
25 DON'T DISAGREE WITH ANYTHING HE SAID. WE WOULD LIKE SOME TIME,

1  THOUGH, TO DO SOME LIMITED DISCOVERY AS WELL.  WE STAYED
2  EVERYTHING PREVIOUSLY WHEN WE WERE HERE.  SO WE'D LIKE SOME
3  DISCOVERY.  WE MAY BE BRINGING A MOTION AS WELL.
4      **THE COURT**:  ALL RIGHT.  MAYBE YOU CAN GIVE ME A
5  20-SECOND SUMMARY.  WHAT ARE THE LEGAL ISSUES THAT YOU WANT TO
6  TEE UP FOR ME TO DECIDE?  IF YOU COULD JUST BRIEFLY DESCRIBE
7  THEM.
8      **MR. SORGEN**:  WE HAVE AN ISSUE OF -- THE ISSUES ARE
9  UNDER THE INTERSTATE COMMERCE CLAUSE, BUT THERE ARE QUESTIONS
10 OF SOVEREIGN IMMUNITY WHERE -- BECAUSE, YOU KNOW, WE CONTEND
11 IT'S DIFFERENT UNDER THE INTERSTATE COMMERCE CLAUSE THAN IF WE
12 WERE SUING UNDER THE MEDICAID.
13     AND THE CASE WAS REMOVED FROM THE STATE COURT TO BE
14 HERE.  SO THE QUESTION IS, WHAT DOES THE WAIVER INVOLVE AND
15 WHAT SOVEREIGN IMMUNITY STILL REMAINS TO THE STATE?  THAT'S ONE
16 OF THE MAJOR QUESTIONS.
17     I THINK THERE'S ALSO A QUESTION ON THE MERITS OF
18 WHETHER IT IS A DISCRIMINATION THAT THE OUT-OF-STATE HOSPITALS
19 WHO TREAT THE CALIFORNIA MEDICAID PATIENTS ARE TREATED
20 DIFFERENTLY IN VARIOUS RESPECTS, AND THERE MAY BE DIFFERENT
21 ISSUES WITH REGARD -- THERE ARE SUBISSUES, ABOUT SIX SUBISSUES,
22 INVOLVING WHAT WE CLAIM TO BE DIFFERENTIAL TREATMENT.  I THINK
23 THEY EACH RAISE DIFFERENT ISSUES WITH REGARD TO ADMINISTRATION
24 ON THE PART OF THE STATE DEPARTMENT HEALTHCARE SERVICES.
25     **MS. ADDAMS**:  THERE ARE ALSO ISSUES ABOUT WHAT TYPE OF

```
 1   RELIEF IS -- THE PLAINTIFFS ARE ABLE TO GET.  THAT CAN COME
 2   AFTER THE PRELIMINARY ISSUES ARE DECIDED.
 3            THE COURT:  RIGHT.  I'M JUST TRYING TO FIGURE OUT
 4   WHAT'S THE SCOPE OF WHAT I'M GOING TO HAVE TO HELP YOU RESOLVE,
 5   JUST TO GOT BACK AND HAVE A ROUND TWO, I GUESS.
 6            MR. SORGEN:  OUT INTENT TO MOVE OUR SUMMARY JUDGMENT
 7   WOULD BE ON LIABILITY ISSUES.
 8            THE COURT:  RIGHT.
 9            MR. SORGEN:  BECAUSE WE REQUEST THAT THE COURT
10   BIFURCATE THE RETROACTIVE REIMBURSEMENT ISSUES UNTIL AFTER THE
11   LIABILITY ISSUES ARE DECIDED.  I THINK THE PARTIES ARE IN
12   AGREEMENT ABOUT THAT.
13            THE COURT:  YEAH.
14            MR. SORGEN:  WE DON'T KNOW OF ANY DISCOVERY THAT WE
15   NEED ON THE LIABILITY ISSUES BECAUSE THEY'RE PRIMARILY ISSUES
16   OF LAW, BUT WE CERTAINLY WOULD NEED TO DO DISCOVERY ON THE
17   REIMBURSEMENT ISSUES IF THE LIABILITY RULINGS ARE IN OUR FAVOR.
18            THE COURT:  RIGHT.  BUT TO PREPARE SUMMARY JUDGMENT
19   DOESN'T SOUND LIKE YOU NEED TAKE DISCOVERY.  ON THE SUMMARY
20   JUDGMENT ISSUES, YOU'RE READY TO GO?  YOU DON'T NEED DISCOVERY
21   TO FILE YOUR SUMMARY JUDGMENT MOTIONS?
22            MR. SORGEN:  THAT'S TRUE, YOUR HONOR.
23            THE COURT:  YOU THINK YOU MAY NEED SOME?
24            MS. ADDAMS:  I DO.  I THINK IT'S LIMITED, BUT I THINK
25   I DO.  AND I THINK WE ALSO -- WE HAVE SOME DECISIONS TO MAKE AS
```

1  FAR AS WHAT TYPE OF MOTIONS WE WILL BE BRINGING AS WELL.
2          **THE COURT:** ALL RIGHT. BUT WHATEVER THEY ARE, THEY
3  WOULD BE BASED ON LIABILITY QUESTIONS, NOT THIS WHOLE QUESTION
4  OF RETROSPECTIVE --
5          **MS. ADDAMS:** YES, THAT CAN BE BIFURCATED.
6          **THE COURT:** OKAY. TELL ME -- LET'S SET A SCHEDULE,
7  AND TELL ME WHAT YOU NEED TO DO SO I KNOW HOW LONG OF A LIMITED
8  DISCOVERY PERIOD.
9          **MR. SORGEN:** YOUR HONOR, WE WOULD LIKE -- IT'S GOING
10 TO TAKE A WHILE TO PUT THE SUMMARY JUDGMENT -- SUMMARY
11 ADJUDICATION TOGETHER. SO WE WOULD REQUEST THAT WE HAVE A DATE
12 IN MID-AUGUST FOR FILING OF THE MOTION.
13         **MS. ADDAMS:** WE WOULD LIKE A LITTLE LONGER. I
14 THINK --
15         **THE COURT:** WHAT DISCOVERY WILL YOU NEED, MS. ADDAMS?
16         **MS. ADDAMS:** WE ARE THINKING DEPOSITIONS.
17         **THE COURT:** OF?
18         **MS. ADDAMS:** OF THE -- OF I THINK EXPERTS AND/OR
19 CONSULTANTS THAT PLAINTIFF HAS USED THUS FAR.
20         **THE COURT:** ARE THESE EXPERTS IN THE NATURE OF KIND
21 OF COUNTING KIND OF ISSUES? WHAT ARE THESE EXPERTS?
22         **MS. ADDAMS:** THEY ARE CONSULTANTS. I BELIEVE YOU
23 HAD --
24         **MR. SORGEN:** THE EXPERTS ARE PRIMARILY ON, YOU KNOW,
25 HOW THE REIMBURSEMENT RATES ARE SET, AND HOW THEY AFFECT THE

1  OUT-OF-STATE HOSPITALS, AND ANYTHING THAT WOULD GO TO PROVE
2  THAT THERE'S DIFFERENTIAL TREATMENT THAT AMOUNTS TO
3  DISCRIMINATION UNDER THE INTERSTATE COMMERCE CLAUSE.
4          SO I THINK THAT WE'RE -- OUR EXPERTS ARE GOING TO
5  SUBMIT DECLARATIONS WITH MANY ATTACHMENTS AS PART OF THE
6  MOTION.  SO I DON'T SEE ANY REASON -- I THINK THE ADVANTAGE --
7  IT WOULD BE FAIR AND ADVANTAGEOUS FOR THE STATE, IF THEY WERE
8  TO DO DEPOSITIONS OF OUR EXPERTS AND CONSULTANTS, AFTER THEY
9  SEE WHAT THEY HAVE TO SAY.
10         **THE COURT:**  SO MAYBE IT MAKES SENSE FOR YOU TO FILE,
11 AND THEN YOU HAVE A PROLONGED PERIOD TO TAKE -- SO YOU KNOW
12 EXACTLY WHAT YOU'RE UP AGAINST AND TO TAKE DEPOSITIONS BASED ON
13 WHAT THEY FILE AND THEN HAVE SOME TIME TO FILE YOUR OPPOSITION.
14         **MS. ADDAMS:**  THAT --
15         **THE COURT:**  WE DO THAT OFTEN IN CLASS CERTIFICATION
16 ISSUES.  RATHER THAN TRYING TO TAKE EVERY DEPOSITION IN
17 ANTICIPATION, YOU WAIT AND SEE WHAT THEY FILE.
18         **MR. SORGEN:**  I THINK THAT ACTUALLY THAT WOULD BE A
19 GOOD IDEA.
20         **THE COURT:**  ALL RIGHT.  MAYBE THAT'S MORE EFFICIENT.
21         SO IF YOU'RE READY TO FILE IN AUGUST, LET'S SAY LIKE
22 AUGUST 13?
23         **MR. SORGEN:**  THAT WOULD BE FINE.
24         **THE COURT:**  THAT'S A THURSDAY.
25         AND THEN THEY WILL NEED SOME TIME TO TAKE DEPOSITIONS

1  THAT FORMULATE. SO FIVE WEEKS. YOU NORMALLY GET TWO, BUT, YOU
2  KNOW, YOU (INDISCERNIBLE) STUFF, SO --
3          **MS. ADDAMS:** RIGHT.
4          **THE COURT:** -- SEPTEMBER 17TH?
5          **MS. ADDAMS:** THAT WOULD BE WHEN OUR OPPOSITION WOULD
6  BE DUE?
7          **THE COURT:** RIGHT. I WOULD THINK THAT WOULD GIVE YOU
8  ENOUGH TIME TO TAKE DEPOSITIONS OF EXPERTS.
9          **MS. ADDAMS:** I WOULD HOPE SO.
10         **MR. SORGEN:** WE COULD ALSO ALERT OUR EXPERTS THEY
11 SHOULD BE AVAILABLE BETWEEN AUGUST 13 AND SEPTEMBER 17.
12         **MS. ADDAMS:** THAT WOULD BE VERY HELPFUL.
13         **THE COURT:** TWO WEEKS FOR YOUR REPLY. NORMALLY, IT'S
14 ONE WEEK, BUT GIVEN SIZE OF THIS, REPLY WOULD BE OCTOBER 1ST,
15 AND WE COULD HEAR IT ON OCTOBER 15.
16         AND IF YOU DECIDE TO BRING A CROSS MOTION, YOU JUST
17 DO IT THE SAME TIME. WE'LL DO SIMULTANEOUS, I GUESS, BECAUSE
18 THEY'RE NOT GOING TO BE OVERLAPPING -- I DON'T NEED CROSS
19 MOTIONS ON THE SAME ISSUE. BUT IF YOU HAVE A DIFFERENT ISSUE,
20 YOU CAN GO AHEAD AND SIMULTANEOUSLY FILE.
21         **MS. ADDAMS:** OKAY.
22         **THE COURT:** ALL RIGHT. WE'LL GET OUT A SCHEDULING
23 ORDER. AND IT SOUNDS LIKE WE'RE GOING TO HAVE DO AT LEAST DO
24 THAT BEFORE THE PARTIES CAN RESUME FURTHER SETTLEMENT TALKS,
25 AND THAT'S A FAIR -- I THINK IT'S A FAIR REQUEST, SINCE YOU --

1         **MR. SORGEN:** THE STAY IS CLEARLY LIFTED THEN?

2         **THE COURT:** THE STAY IS LIFTED FOR PURPOSES OF -- I

3 DON'T WANT ALL SORTS OF DISCOVERY. I'M GOING TO LIMIT

4 DISCOVERY TO WHAT WE JUST TALKED ABOUT, BUT THE STAY IS LIFTED

5 FOR PURPOSES OF BEGINNING GETTING THIS ADJUDICATION DONE ON THE

6 LIABILITY ISSUES.

7         **MS. ADDAMS:** I THINK WE OWE INITIAL DISCLOSURES AS

8 WELL.

9         **THE COURT:** YEAH, YOU SHOULD DO THAT. AND WE'LL GET

10 THAT -- YOU KNOW, WE'LL GET THAT ADJUDICATED, AND, YOU KNOW,

11 PROBABLY SOMETIME SHORTLY THEREAFTER WE CAN CONVENE ANOTHER

12 STATUS CONFERENCE AND MAYBE TALK ABOUT GOING BACK TO JUDGE

13 WESTMORE WITH THE RULINGS THAT I HAVE. ALL RIGHT.

14         **MR. SORGEN:** (INDISCERNIBLE.)

15         **THE COURT:** SURE.

16         **MS. ADDAMS:** MY COLLEAGUE HAS REMINDED ME THAT WE

17 WOULD PROBABLY WANT TO DO SOME WRITTEN DISCOVERY AS WELL. IS

18 THAT INCLUDED IN THIS?

19         **THE COURT:** YEAH, THAT'S FINE. FOCUSED WRITTEN

20 DISCOVERY IF YOU NEED TO. AND THAT APPLIES TO BOTH SIDES. IF

21 THERE'S SOME KEY DOCUMENTS OR SOMETHING THAT YOU NEED, AS LONG

22 AS IT'S NOT "SCORCHED EARTH, EVERYTHING UNDER THE SUN"

23 TYPEWRITTEN DISCOVERY.

24         **MS. ADDAMS:** I THINK -- WE HAVE A GOOD WORKING

25 RELATIONSHIP.

1    **THE COURT:** GOOD.
2    **MS. ADDAMS:** SO I DON'T THINK THAT WOULD BE A
3 PROBLEM.
4    **THE COURT:** ALL RIGHT. GOOD. THEN I WILL SEE YOU AT
5 THE HEARING ON OCTOBER 15TH.
6    **MS. ADDAMS:** THANK YOU, YOUR HONOR.
7    **THE COURT:** GREAT.
8    **MR. SORGEN:** OCTOBER 1 WAS THE HEARING, RIGHT?
9    **THE COURT:** OCTOBER 15TH. I THINK THE REPLY WAS
10 DUE --
11    **MR. SORGEN:** OH, THE REPLY IS OCTOBER 1. HEARING IS
12 OCTOBER 15TH. AND THAT WOULD BE AT WHAT TIME, YOUR HONOR?
13    **THE COURT:** AT 1:30. ALL RIGHT.
14    **MR. SORGEN:** BY THE WAY, I NOTICED THE CASE
15 MANAGEMENT CONFERENCES WERE SCHEDULED OUT FROM 9:30 -- FOR
16 9:30, 10:30, AND 1:30. AND I THOUGHT THAT'S -- THAT'S UNIQUE
17 IN MY EXPERIENCE. IT'S VERY GOOD BECAUSE IT DOESN'T MAKE
18 ATTORNEYS SIT AROUND THE COURTROOM FOR HOURS.
19    **THE COURT:** WHAT I DO IS I DO MY NEW CASES AT 9:30,
20 AND THEN THE STATUS CONFERENCES AT 10:30. AND THEN 1:30S
21 COINCIDE WITH MY LAW AND MOTION CALENDAR, SO I'VE GOT MOTIONS
22 IN THOSE SO I CAN DOUBLE THOSE UP. SO IT DOES SPREAD THEM OUT;
23 OTHERWISE, WE'D HAVE 40 PEOPLE HERE.
24        (PROCEEDINGS ADJOURNED AT 11:10 A.M.)
25

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*[signature: jncolumbini]*

JOAN MARIE COLUMBINI

DECEMBER 1, 2016